(No. 30698.—

IsADORE M. KRACHOCK, Appellant, *vs.* THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed January 19, 1949—Rehearing denied May 11, 1949.*

Harry G. Fins, of Chicago, for appellant.

George F. Barrett, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and James C. Murray, all of Chicago, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County quashing a complaint purportedly filed under the Administrative Review Act, and dismissing the plaintiff's suit.

Plaintiff, Isadore M. Krachock, filed his complaint against the Department of Revenue to compel it to issue a license to him as a distributor under the Motor Fuel Tax Act. (Ill. Rev. Stat. 1947, chap. 120, par. 417 *et seq.*) The complaint purports to be in accord with the Administrative Review Act, (Ill. Rev. Stat. 1947, chap. 110, pars. 264-279, incl.) which authorizes a review of the final decisions of administrative boards or bureaus, when such decisions affect the rights, privileges or duties of the person appealing therefrom.

Section 2 of the Administrative Review Act provides that "any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date

hereof;" and that all decisions made by administrative boards may be reviewed under the provisions of the Administrative Review Act where the act creating the board provides this manner of review by express reference to the act, and in this case the Motor Fuel Tax Act does so provide. However, the Administrative Review Act does not purport to give an independent remedy, or create any new cause of action, but merely provides a method of review, whereby challenged decisions of the administrative body may be subjected to a judgment of the court, as to its regularity and validity. It provides for reviews of the decisions of the board upon the record alone, as no additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held *prima facie* true and correct. (Sec. 11.) The act also provides that the pleadings shall consist of a complaint and an answer; that the complaint shall contain a statement of the decision sought to be reviewed, and shall specify whether the transcript of evidence, if any, or what portion thereof, shall be filed by the agency as a part of the record.

In the present case the complaint is a combination of ultimate facts alleged by the pleader, without producing the record thereof, and the remainder purporting to be the part of the record of the decision complained of. The first six allegations in the complaint are not supported by any record of the Department. These allegations relate to the length of time appellant was a distributor; that during such time he was bonded as required by statute; that throughout the period from 1933 to 1943 the Department of Revenue checked and audited his books and records, and notified plaintiff he was indebted in the sum of $742.59; that plaintiff voluntarily surrendered his license in 1943, and that defendant did not sue the plaintiff or his bondsmen for the alleged shortage.

The balance of the complaint alleges that on February 6, 1948, plaintiff filed with the Department of Revenue an application for a license as a distributor of motor fuel, and that on February 17, 1948, the Department of Revenue rejected his application on the sole ground he was indebted to the State; that on March 5, 1948, the plaintiff's attorney wrote the Department, advising it the plaintiff was not indebted to the State and requested a hearing; that on March 9, 1948, the Department wrote and advised plaintiff's attorney that it would not grant a hearing upon the question of issuing a license, and would not issue a license to applicant. It thus appears that appellant alleges matters prior to February 6, 1948, as independent, ultimate facts of his own knowledge, without bringing before the court, or requiring to be brought before the court, the record of the Department of Revenue. It is only matters occurring from and after February 6, 1948, of which the appellant requires a record of the Department of Revenue.

Fairly construed the complaint discloses that the plaintiff desires a hearing upon whether he owes the Department of Revenue $742.59, without requiring or producing the record of the Department. This was the issue upon which the license was refused.

The brief of appellant admits that all of the facts stated in the complaint appear in the record, but he does not produce, or require any of the record before February 6, 1948, and does not comply with the plain words of the statute requiring the production of the material parts of the record for the disposition of his case. Section 3 of the Motor Fuel Tax Act provides: "No person who is in default to the State for monies due under this act for the sale, distribution or use of motor fuel shall receive a license either directly or indirectly to act as distributor." Ill. Rev. Stat. 1947, chap. 120, par. 419.

The portion of the record of the Department set out in the complaint, with a requirement for its production, dis-

closes that the sole ground for refusal of the application was the fact appellant was indebted to the State of Illinois. Appellant seems to think this is not specific enough to justify a refusal, because the Department of Revenue collects many different kinds of taxes from different tax units, but the Administrative Review Act (sec. 11) provides that the finding of fact by an administrative body is *prima facie* correct; and besides, the plaintiff's complaint shows that after an audit of the records of the plaintiff, as a motor fuel distributor in 1943, the Department advised him he was indebted in the sum of $742.59, so there can be but little question that the Department made a finding of fact, and, based upon that, refused a license.

The portion of the record set out in the complaint is not sufficient to require a review of the decision of the Department. When the license was refused because of nonpayment of a debt to the State of Illinois, the complaint should require the record of the action of the Department relating to such finding to be produced, and hence has failed to bring before the court an essential part of the record upon which the court could act, because the actions of the Department may only be reviewed upon the record made by it, without additional testimony. Since all the plaintiff has produced before the court is a record showing that appellant was denied a license because he had not made full settlement for the distributor's tax, one of the essential elements for determining the validity of the decision of the administrative board is absent. Without this portion of the record no review of the refusal of the license by the Department may be had. The act contemplates that every part of the record necessary to reviewing the decision must be made a part of the record, as the court may only act upon the record.

It is alleged by appellant that the Department did not file an answer in conformity with the requirements of the law, which provides that the answer shall consist of the

record of the entire proceedings under review, but that, in part, no doubt, was because the plaintiff did not require a record of anything prior to February 6, 1948. The appellant then made a motion that the answer be not considered, and judgment rendered for the plaintiff, but the court overruled his motion, and carried it back to the complaint, quashed the complaint, and dismissed the plaintiff's suit.

The objection that the complaint does not state a cause of action, or a plea does not state a defense, may be raised at any time, either before or after judgment. (*Sargent Co.* v. *Baublis,* 215 Ill. 428; *Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245.) The complaint was fatally defective in that it appears there had been an audit of plaintiff's accounts and a determination made that he was indebted to the State, and it would be necessary to determine the correctness of the ruling of the Department before it would be required, under the statute, to issue a license. This can be reviewed only by examining the record of the Department. The plaintiff did not make a motion to amend his complaint, and therefore must stand or fall upon its contents.

We do not think the complaint is sufficient. We cannot review the refusal of the Department to issue the license demanded unless the record is produced to enable us to determine the essential element to plaintiff's relief, *viz.,* the invalidity of the finding that he owed money to the State of Illinois. The Administrative Review Act is an innovation and a departure from the common law, since it abolishes many of the common-law remedies and points out the procedure to be followed to obtain relief, and it must be pursued to justify its application.

It may be noted at this point that the defendant is "Department of Revenue." The Department of Revenue is an arm of the State and may not be sued, because the constitution of Illinois provides that the State shall never be made a defendant in any court of law or equity. (Art. IV, sec. 26.) This provision of the constitution has been con-

strued to apply to the Department of Public Works and Buildings, Department of Public Welfare, the Illinois National Guard, and others. A department of State government is commonly known as a part and division of the government, and it is recognized by State and Federal authorities. A full review of the authorities sustaining this position will be found in *Noorman* v. *Department of Public Works and Building,* 366 Ill. 216; *Posinski* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 376 Ill. 346, 350; *Monroe* v. *Collins,* 393 Ill. 553, 558.

In view of the foregoing, the judgment of the circuit court in dismissing the complaint is affirmed.

*Judgment affirmed.*