Harry I. Curtis, Plaintiff-Appellee, v. State Police Merit Board et al., Defendants-Appellants.

Gen. No. 9,847.

Opinion filed March 3, 1953. Released for publication March 19, 1953.

IVAN A. ELLIOTT, Attorney General, of Chicago, for appellants; WILLIAM C. WINES, JOHN T. COBURN, A. ZOLA GROVES, and RAYMOND S. SARNOW, Assistant Attorneys General, all of Chicago, of counsel.

WILLIAM C. BATES, Jr., of Lincoln, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from an order of the circuit court of Sangamon county reversing an order of the State Police Merit Board dismissing Harry I. Curtis from his position as a Captain in the State Highway Police. Harry I. Curtis was from 1941 to January 1, 1945, a Captain in the State Highway Police Force. On January 1, 1945, he was appointed by the then Governor of the State of Illinois, to the position of Superintendent of the State Highway Maintenance Police. On December 4, 1950, he was relieved of his duties as Superintendent and was reinstated to his previous position as Captain. On May 10, 1951, Curtis received a letter informing him that he was not a member of the State Highway Police and was relieved of his position as Captain as of May 15, 1951. This letter stated that the State Police Merit Board had made a decision that Curtis was not a member of the Illinois State Highway Police. The letter was signed by Thomas J. O'Donnell, Superintendent of State Highway Police. On June 12,

450

1951, Curtis filed a suit in the circuit court of Sanga-
mon county, for administrative review of the action of
the State Police Merit Board, and for an interim order
that the decision of the State Police Merit Board, the
Director of the Department of Public Safety and the
Superintendent of State Highway Police, purporting to
remove the said Curtis from his office as Captain of
State Highway Police be stayed in its entirety pending
the final disposition of the case, and for re-instatement
as Captain. To this the defendants filed a motion to dis-
miss, supported by affidavit; and this was followed by
a motion by Curtis to strike the motion to dismiss. On
September 13, 1951, the circuit court struck the affi-
davit in support of the motion to dismiss, granted
defendants time to file additional affidavits in support
of the motion to dismiss, and to amend the motion to
dismiss by September 24, 1951. The court at the same
time granted leave to the plaintiff to reply to the
motion to dismiss by September 28, 1951, and all mo-
tions were set for hearing on September 28, 1951. On
September 24, 1951, the defendants filed their amended
motion to dismiss the complaint, supported by affi-
davits. The plaintiff filed a motion to strike, supported
by affidavits. On September 28, 1951, the court denied
the motion of the plaintiff to strike the amended motion
to dismiss and denied the motion of the defendants to
dismiss, and granted leave to defendants to answer by
October 11, 1951. On October 10, 1951, the defendants
filed their answer by filing the minutes of the meetings
of the State Police Merit Board held March 28, 1951
and on April 13, 1951. These minutes showed that the
matter of Curtis' being a member of the State Police
Force was discussed by the board with Superintendent
O'Donnell and that the Chairman of the Board, Mr.
Henry A. Gardner, wrote to the Attorney General for
an opinion; that the Attorney General rendered an
opinion to the effect that when Curtis became the

Superintendent of the State Highway Police, he severed his connection with the Highway Police Force and that before he could again become a member he would have to be appointed by the present superintendent in conformity with the provisions of the State Highway Police Act. This opinion was based on the theory that when Curtis became the superintendent he became an executive or administrative officer in the Department of Public Safety and consequently was no longer a member of the Highway Police Force.

After the filing of the answer, the plaintiff Curtis filed a motion for the defendants to produce a carbon copy or copies of a letter dated on or about January 1, 1945, granting Curtis a leave of absence from his duties as Captain of the State Highway Police, at the time he took over the office of Superintendent. In answer to this, several affidavits were filed showing that they had no carbon copy of such letter and that they had no knowledge of such a letter. Curtis filed affidavits supporting his contention that such a letter was sent to him by the Director of the Department of Public Safety on or about January 1, 1945. On November 5, 1951, the trial court denied all motions before it and found:

1. That Curtis was a police captain on leave of absence immediately prior to his appointment as Superintendent and was an employee of the Department of Public Safety.

2. That Thomas J. O'Donnell, Superintendent of Highway Police, on December 4, 1950, reinstated Harry I. Curtis as Captain of Police and that on December 4, 1950 to May 9, 1951, his status as a Captain of the State Highway Police was unchanged.

3. That after January 1, 1951, Curtis' status as a police officer was subject to the provisions of the State Highway Police section of chapter 121, and particularly paragraph 307.14 [Ill. Rev. Stats. 1951, ch. 121, par. 307.14; Jones Ill. Stats. Ann. 120.255(14)] in that

he could not be removed, demoted or suspended without a hearing as provided by the Act.

4. That the State Police Merit Board determined on the 13th day of April, 1951, that Curtis was not a member of the State Highway Police Force during the time he was Superintendent and that he would have to again be appointed by the Superintendent.

5. That Thomas J. O'Donnell, acting on such determination by the State Police Merit Board, discharged Harry I. Curtis on the 9th day of May, 1951.

6. That no written charges were ever filed in this matter before the Merit Board, and no hearing was ever had before that board. Upon these findings, the court held and ordered that the findings of the State Police Merit Board that the said Harry I. Curtis was not a police officer was contrary to law and the finding was reversed. From that order the defendants appeal to this court.

The defendants assign three errors as grounds for reversal. 1. That the trial court erred in ruling that the Administrative Review Act applied to the instant case. 2. That if the Administrative Review Act applied to the instant case, then the trial court erred in considering evidence *dehors* the administrative record. 3. If the Administrative Review Act applied to the instant case, the trial court erred in not reversing and remanding the cause to the State Police Merit Board with instructions to grant a hearing and to take further evidence in the matter.

 In considering the claim that the trial court erred in its ruling that the Administrative Review Act applied to the instant case, it is necessary to consider the Administrative Review Act and the sections of the State Highway Police Act, applicable. An administrative agency is defined in section 1 of the Administrative Review Act, paragraph 264, chapter 110 [Ill. Rev. Stats. 1951; Jones Ill. Stats. Ann. 104.094(1)], as "a

person, body of persons, group, officer, board, bureau, commission or department . . . of the State, or any political subdivision thereof or municipal corporation therein, having power under law to make administrative decisions.'' Section 2 of the Act, paragraph 265, chapter 110 [Ill. Rev. Stats. 1951; Jones Ill. Stats. Ann. 104.094(2)], provides that the Act shall apply to and govern "every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act." Thus, if the State Police Merit Board, is an administrative agency, and it must be conceded that it is, and the Act creating the State Police Merit Board has by reference adopted the provisions of the Administrative Review Act, then this is a proper case for administrative review, provided the board made a final decision. If the Act creating the State Police Merit Board has by reference adopted the provisions of the Administrative Review Act, it is the only method of relief. This part of section 2 of the Act, paragraph 265, chapter 110, also provides: "In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." The effective date of the Administration Review Act was May 8th, 1945.

The State Highway Police Act, section 14, paragraph 307.14 of chapter 121 provides that "The provisions of the 'Administrative Review Act', approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of any order of the Board rendered pursuant to the provisions of this section." Thus it is evident that the proceedings of the State Police

Merit Board, if it makes a final decision is subject to the procedure of the Administrative Review Act, and in fact is the only method of review. The position of the defendants on this point is not tenable.

 The next point raised in the appeal was that if the Administrative Review Act is applicable to the instant case, that the trial court erred in considering the evidence *dehors* the administrative record. We think this point is well taken. In *Krachock v. Department of Revenue*, 403 Ill. 148, at page 150 the court there said: "However, the Administrative Review Act does not purport to give an independent remedy, or create any new cause of action, but merely provides a method of review, whereby challenged decisions of the administrative body may be subjected to a judgment of the court, as to its regularity and validity. It provides for reviews of the decisions of the board upon the record alone, as no additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held *prima facie* true and correct." This statement of the law is also upheld in *Strohl v. Macon County Zoning Board of Appeals*, 411 Ill. 559, where the court there said: "The Administrative Review Act does not purport to give an independent remedy, or create any new cause of action, but merely provides a method of review, whereby challenged decisions of the administrative body may be subjected to a review. It provides for reviews of the decisions of the board on the record alone, as no new or additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held *prima facie*

true and correct. (*Krachock v. Department of Revenue,* 403 Ill. 148.) Whether or not the Macon County Zoning Board of Appeals made findings and conclusions on questions of fact in the present case cannot be judicially determined, for no record of the administrative proceeding or of the decision to be reviewed was ever brought before the circuit court. The nearest the complaint comes in this regard is to state that appellees received notice that their petition for rezoning had been denied. Section 3.2 of the County Zoning Act (Ill. Rev. Stat. 1951, chap. 34, par. 152k.2,) requires that the Board of Appeals 'keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions. Every rule, regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the Board shall immediately be filed in the office of the Board and shall be a public record.' If the mandate of this section has been complied with, some record of the Board's actions and of its decision must exist and a judicial review of the final administrative decision must be predicated upon it.

''In remarks addressed to the circuit court before its hearing in this cause, counsel expressed themselves as not being interested in the technicalities of procedure and pleading, but only in getting a determination by the court of the issues which had arisen between the parties. While we can sympathize with a desire to bring litigation to a hasty conclusion, a final and orderly judicial determination can be accomplished in this cause only in the manner prescribed by the legislature. As pointed out in *Krachock v. Department of Revenue,* 403 Ill. 148 and again in *Winston v. Zoning Board of Appeals,* 407 Ill. 588, the Administrative Review Act is an innovation and departure from the common law,

since it abolishes many of the common-law remedies and points out the procedure to be followed to obtain relief, and the procedure it establishes must be pursued to justify its application.''

██ The appellants further contend that the trial court erred in not reversing and remanding the cause to the State Police Merit Board with instructions to grant a hearing and take further evidence in the matter. The purpose of judicial reviews of any administrative agency is to keep that agency within the judicial bounds described by law, and to guard the rights guaranteed by the Constitution and the statutes and for such purpose, the courts may re-examine facts and set aside an order of the administrative agency when the evidence in the record shows the order to be without foundation. *Illinois Central Railroad Company v. Illinois Commerce Commission,* 411 Ill. 526. This is especially true as in this case where there is no evidence produced to justify the State Police Merit Board in issuing its order notifying Curtis that he was relieved of his position as Captain as of May 15th. Apparently, the only information the State Police Merit Board had was an opinion by the Attorney General that Curtis was not a member of the State Highway Police because he had served as Superintendent. An administrative tribunal or agency cannot rely upon its information for support of its findings, but an order must be based upon evidence produced in the hearing at which an opportunity is given to all interested parties to offer evidence and cross-examine witnesses. *Smith v. Department of Registration and Education,* 412 Ill. 332. In the instant case, Curtis was given no opportunity to offer evidence, to cross-examine witnesses and his rights as guaranteed by the State Highway Police Act were violated and denied.

Section 307.14 of chapter 121, Illinois Revised Statutes provides, ''Except as is otherwise provided in

457

this Act, no State Highway Policeman shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the superintendent and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. At such hearing, the accused policeman shall be afforded full opportunity to be heard in his own defense and to produce proof in his defense. The Board shall have the power to secure by its subpoena both the attendance and testimony of witnesses and the production of books and papers in support of the charges and for the defense. Each member of the Board shall have the power to administer oaths. If the charges against an accused policeman are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits. Thereupon the superintendent shall direct such removal or other punishment as ordered by the Board and if the accused policeman refuses to abide by any such disclipinary order, the superintendent shall remove him forthwith.''

 The judgment entered herein is reversed and remanded to the trial court with directions to refer the matter back to the Police Merit Board for proceedings not inconsistent with the views expressed herein.

*Reversed and remanded with directions.*

MR. JUSTICE CARROLL took no part in the consideration or decision of this case.