James Gigger, Plaintiff-Appellee, v. The Board of Fire and Police Commissioners of the City of East St. Louis, Illinois, and David G. Morgan, Gus Schaefer, and Thomas Horrigan, Defendants-Appellants.

Gen. No. 5901.

Fourth District.

December 23, 1959.

Rehearing denied January 27, 1960.

Released for publication January 28, 1960.

Robert F. Godfrey, of East St. Louis, for defendants-appellants.

McRoberts and Hoban, of East St. Louis, for plaintiff-appellee.

JUSTICE HOFFMAN delivered the opinion of the court.

This appeal involves the judicial review of a decision of the Board of Fire and Police Commissioners of the City of East St. Louis dismissing plaintiff from the Police Department of said City.

Under the provisions of Chapter 24, Sec. 14—11, Illinois Revised Statutes, written charges were preferred by the Chief of Police of East St. Louis against the plaintiff alleging conduct unbecoming an officer and conduct detrimental to the morale and welfare of the police department. Following a hearing before the defendant Board, plaintiff was discharged. Upon judicial review of this proceeding, pursuant to the Administrative Review Act (Chapter 110, Sec. 264 et seq., Illinois Revised Statutes), the Circuit Court found that the order of the Board was contrary to the manifest weight of the evidence, reversed the Board and ordered plaintiff reinstated. From this order of the Circuit Court, defendant Board appeals to this Court.

■ ■ "The purpose of judicial review of any administrative agency is to keep that agency within the judicial bounds described by law, and to guard the rights guaranteed by the Constitution and the Statutes . . . ," Curtis v. State Police Merit Board,

349 Ill. App. 448, 457, 111 N.E.2d 159, 163. See also Hankenson v. Board of Education of Waukegan Tp., 10 Ill.App.2d 79, 98, 134 N.E.2d 356. In order to fulfill this purpose, it is our duty to review the entire record to ascertain whether or not the Board's decision and order is justified. Anderson v. Board of Education of School Dist. No. 70, Winnebago County, 10 Ill.App.2d 63, 134 N.E.2d 28; Stehl v. County Board of School Trustees of La Salle County, Ill., 7 Ill. App.2d 257, 129 N.E.2d 297. This we have done.

The record indicates that charges filed against plaintiff related to an occurrence while he was off duty and out of uniform. He had driven to a certain location within the city to procure two truck loads of compost for his yard. While there, he became involved in a dispute with the operators of the company selling the compost concerning the payment therefor and the right of the plaintiff to remove the compost. As a result, one of the operators orally complained to the Chief of Police, and the latter preferred the charges from which this appeal arises.

After plaintiff's dismissal by the Board, he filed his complaint in the Circuit Court charging that the order of the Board was manifestly against the weight of the evidence and that he was denied a fair hearing by the Board. His complaint specifically set forth that he was denied an opportunity to be fully heard, that his evidence was limited, and that the Board's counsel arbitrarily and capriciously made rulings without the sanction of the Board.

We have not related the occurrence in more detail because we are convinced, from our study of the transcript, that the plaintiff did not receive the fair and impartial hearing to which he is entitled under the law and, for that reason, we must affirm the trial court's order reinstating plaintiff.

The hearing before the Board of Fire and Police Commissioners was conducted entirely by the Board's attorney. He presented, interrogated and cross-examined the witnesses. He ruled on all questions of law and evidence, and he decided whether a continuance would be granted. A search of the transcript reveals that on only one occasion did a Board member ask a question. Not one ruling was made by the Board. The members of the Board remained entirely mute throughout the hearing, and, except for the one question asked, did not participate in any way. The examination of witnesses by the Board's attorney, in its presentation in chief, consisted of one leading and suggestive question after another. There were many instances of argumentation and interruption of witnesses to secure the desired answer. Objections by plaintiff's counsel to such questions, or to their relevancy, were brushed aside. Much of the testimony developed by the Board's attorney consisted of unfounded opinions, conclusions of the witnesses and suggested answers. On occasions the questions assumed that a specific fact supporting the charge of guilt had been proved, when there was but little, if any, evidence to support it. Rulings of irrelevancy upon the plaintiff were followed by rulings of relevancy for the Board upon the same subject matter. At the time of the first appearance of the plaintiff, he was told by the Board's attorney that his case would be heard on a certain night whether he had an attorney or not and "whether you are here or not." In addition, the plaintiff was limited in his cross-examination of the Board's witnesses, and at times, he was not given an opportunity to explain his answers.

 An individual's rights before an administrative agency have been spelled out by the courts in a number of cases. An administrative agency, the crea-

ture of statute, must pursue the procedure and rules laid down upon it by the legislature to give validity to its action. Chicago Rys. Co. v. Commerce Commission ex rel. Chicago Motor Coach Co., 336 Ill. 51. The statute (Chapter 24, Section 14—11) provides that "No officer . . . shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." Formality in proceedings before an administrative agency is not exacted by the courts (Palmyra Tel. Co. v. Modesto Tel. Co., 336 Ill. 158; Sloan v. Hawkins, 337 Ill. App. 345, 352, 86 N.E.2d 117); and, charges need not be drawn with the same nice refinements and subtleties as pleadings in a court of record. Schyman v. Department of Registration & Education of Illinois, 9 Ill.App.2d 504, 510, 133 N.E.2d 551. However, a hearing before an administrative agency should not be a partisan hearing with the agency on one side arrayed against the individual on the other. Instead, it should be an investigation instituted for the purpose of ascertaining and making findings of fact. Fleming v. Illinois Commerce Commission, 388 Ill. 138, 147, 57 N.E.2d 384. Included should be a fair consideration of the individual's objections (Brotherhood of Railroad Trainmen v. Elgin, J. & E. Ry. Co., 382 Ill. 55, 69, 46 N.E.2d 932) and, an opportunity to be heard should not be arbitrarily limited in scope. The hearing should adhere reasonably to the procedure ordinarily followed in controverted matters. People v. Hurley, 336 Ill. App. 205, 218, 83 N.E.2d 512.

■ ■ Basic American justice presupposes a fair and impartial hearing before a fair and impartial tribunal. "It is well settled in Illinois that an administrative tribunal cannot rely upon its own information for support of its findings." Smith v. Department of Registration & Education, 412 Ill. 332, 347, 106 N.E.2d 772, 730. ". . . an order must be based

438

upon evidence produced in the hearing at which an opportunity is given to all interested parties to offer evidence and cross-examine witnesses." Curtis v. State Police Merit Board, 349 Ill. App. 448, 457, 111 N.E.2d 159, 163. "A statute which compels a litigant to submit his controversy to a tribunal of which his adversary is a member makes his antagonist his judge and does not afford due process of law." Such a statute will be stricken by the courts. Commissioners of Drain. Dist. No. 1 v. Smith, 223 Ill. 417, 425. Surely what cannot be done by statutory means, cannot be done otherwise.

It is imperative that the record of an administrative hearing show that an impartial inquiry into the facts was conducted. It should never appear, as it does in this case, that the procedure was aimed primarily at proving the guilt of the plaintiff. The hearing in this case was more of a prosecution than an inquiry, more of an effort to prove the charges rather than to investigate the facts.

 When an attorney representing an administrative agency appears at a hearing conducted by the agency, his acts and conduct are those of the agency. It is not his responsibility to prove guilt, but his task is to assist the agency in arriving at the facts, whether they prove the charges or not. He must display the same respect for fairness as is required by the agency.

 Among the fundamental concepts of a fair hearing which American justice has decreed belong to all men, are the opportunity to be heard, the right to cross-examine adverse witnesses, and the right to impartiality in rulings upon the evidence. These rights were unduly limited in this case. The plaintiff, in our judgment, did not receive a fair and impartial hearing, and therefore, the order of the Board, based upon the hearing, cannot stand.

The order of the Circuit Court of St. Clair County reversing the order of the Board of Fire and Police Commissioners is affirmed.

Affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.