IN THE MATTER OF THE DECLARATORY RESOLUTION OF THE JEFFERSONVILLE REDEVELOPMENT COMMISSION DECLARING THE RIVERSIDE CENTRAL URBAN RENEWAL AREA A BLIGHTED AREA AND REDEVELOPMENT PLANS, LEE SAPHARA, POLLY SAPHARA AND LAURA BUTTS, REMONSTRATORS, *v*. CITY OF JEFFERSONVILLE, ON BEHALF OF ITS DEPARTMENT OF REDEVELOPMENT.

[No. 30,963. Filed October 2, 1967.]

*George Rose,* of Indianapolis, for appellants.

*Robert R. Riggle,* of Jeffersonville, for appellee.

LEWIS, J.—This is an appeal from the Clark Circuit Court which grows out of a proceeding instituted by the appellee under the provisions of the Redevelopment of Cities and Towns Act of 1953, as amended. This act is found in Burns' Indiana Statutes, Anno., § 48-8541 to § 48-8567, [1963 Repl.]. The appellee initiated a proceeding under the foregoing sections leading to the condemnation of certain property of the appellants and others. A Declaratory Resolution was published to which the appellants filed a remonstrance. The public hearing provided for under Burns' Indiana Statutes, Anno., § 48-8554, [1963 Repl.], was held, and it is the manner of the holding of this public hearing to which the appellants take particular exception.

The pertinent parts of Burns', § 48-8554, supra, are as follows:

"At such hearing, which may be adjourned from time to time, the commissioners shall hear all persons interested in

said proceedings and shall consider all such written remonstrances and objections as have been filed, and after considering the same shall take final action determining the public utility and benefit of such proposed project, either confirming or modifying and confirming, or rescinding the declaratory resolution. * * * "

There were actually two (2) hearings conducted under the foregoing section. The second hearing was conducted because of a faulty Declaratory Resolution in the first instance, which said Resolution was amended and a second hearing conducted. Suffice it to say, for the purposes of this opinion, both hearings were conducted in the same manner.

The evidence disclosed that at the public hearings, counsel for the appellants was not permitted to examine or question any of the employees or commissioners of the appellee. The appellee took the position that appellant would be permitted to make statements and file objections, but appellant would not be permitted to inquire of the employees of appellee concerning the evidence that appellee had accumulated in declaring the area in question as blighted.

At the oral argument, counsel for appellee stated to this Court that the public hearings were restricted in the manner described by appellant because of the emotional involvement of the citizens of Jeffersonville in the controversy as to whether or not the area should be considered as blighted. It was thought that the emotional involvement of the various parties would bring the "hearings" to riot proportions. Counsel for the appellant was permitted to make a statement but was not permitted at any time to elicit at the public hearings any information that the appellees had concerning blight. The appellee took the position that Burns', § 48-8554, supra, with reference to hearings, limited appellants to the filing of written remonstrances or statements of objections.

We are of the opinion that the appellee was so restrictive in its interpretation of Burns', § 48-8554, supra, that the

hearing was not meaningful. The legislature intended ■ that those persons affected by the Declaratory Resolution should have a right to call upon the commissioners and their employees to explain in total all information and data bearing upon whether or not the area described in the Declaratory Resolution was, in truth, blighted.

"An administrative hearing, particularly where the proceedings are judicial or quasi-judicial, must be fair, or, as frequently stated, full and fair, fair and adequate, or fair and open. There must be adequate notice of issues, and the parties must be given an opportunity to be present, to submit evidence, and to cross-examine witnesses. * * *" I.L.E., Administrative Law and Procedure, § 41.

"A full hearing at which every party has the right to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts, is essential for wise and just application of the authority of administrative agencies. * * *" 2 Am. Jur. 2d, Administrative Law, § 397.

An administrative tribunal cannot rely on its own information for support of its findings, and order of tribunal must be based on evidence produced in the hearing at which an ■ opportunity is given to all interested parties to offer evidence and cross-examine witnesses. *Gigger* v. *Board of Fire and Police Com'rs of City of East St. Louis* (1959), 163 N. E. 2d 541, 23 Ill. App. 2d 433.

The appeal here was prosecuted under Burns' Indiana Statutes, § 48-8555, [1963 Repl.]. This section of the statute was construed by this Court in *McCoy et al.* v. *City of Evansville, etc., et al.* (1958), 239 Ind. 98, in which this Court, in passing on the appellate section of the act in question, said:

"The rule seems well-established in Indiana that,
' " ' "The power of the courts to confine administrative boards and commissions within their constitutional jurisdiction, and to enjoin unreasonable administrative or legislative orders or regulations, is not derived from the statute, but exists through and under the Constitution." ' " ' "

It is the duty of the judiciary, therefore, to construe the statute here to the end that the Administrative Board provided for in the act confine its jurisdiction within its constitutional limits. We must conclude that the hearing provided for under Burns', § 48-8555, supra, should be meaningful and that evidence of blight should be freely given at the hearing so that all persons affected may have full information on the area involved by the Declaratory Resolution. From the evidence presented at the trial by the appellant it is quite obvious and is undisputed that the hearings were conducted in a manner not contemplated by the legislature and certainly not in a manner that should be approved by the judiciary.

We are specifically not passing on the other questions raised by the appellant and particularly we do not pass on the question as to whether or not the appellee presented adequate evidence of blight at the trial in the Clark Circuit Court, but we are limiting this opinion to a judicial finding that the hearing provided for in Burns', § 48-8554, supra, was not conducted in a manner that was free and meaningful and is hereby denied the approval of the judiciary.

The decision of the Clark Circuit Court is, therefore, contrary to law and the judgment below is reversed with instructions to grant the motion for a new trial and for further action not inconsistent with this opinion.

Hunter, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 825.