ARTHUR T. EGGERS, Plaintiff-Appellee, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF LOMBARD et al., Defendants-Appellants.

Second District (2nd Division) No. 75-393

Opinion filed August 23, 1976.

Walter Wellman, of Lyons, for appellants.

Judge & Schirott, of Park Ridge, and Kaplan, Sorosky, Hoffman & Gantz, of Chicago, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Charges had been filed against plaintiff, a police officer of the Village of Lombard, by the chief of police as a result of which a hearing was held by the Board of Fire and Police Commissioners (Board) on May 16, 1975, at which hearing no evidence was presented. Following a guilty plea, the Board entered an order discharging plaintiff as a police officer. Plaintiff then filed a complaint for judicial review alleging in substance that the Board, by its order, denied him a fair and impartial hearing and deprived

him of due process of law because his plea of guilty was entered in reliance upon a plea bargain agreement which was unfulfilled. He alleges that the plea bargain was made in the presence of the members of the Board and with their approval and that the agreement was that in exchange for his plea of guilty and his public apology to certain persons he would be suspended from duty for 30 days and would not be discharged.

Plaintiff's prayer was in the alternative as follows: that the Board's order (a) be reversed, or (b) be reversed and remanded with instructions to enter a 30-day suspension without pay, or (c) be reversed and remanded with instructions to grant plaintiff a complete hearing *de novo*; it also prayed that based on his allegation of financial burden and irreparable harm, the Board's decision be stayed without bond pending final disposition of the case. The Board filed an answer denying in effect those allegations, and filed the record, including a transcript of the proceedings before the Board.

Thereafter, plaintiff filed his motion seeking a stay of the Board's decision. Upon this motion the trial court, after reading the transcript of proceedings before the Board, hearing oral argument, and requesting and receiving briefs from the parties, decided to hear testimony "to find out if the Board was present during the plea negotiations." Accordingly, but over the Board's objections, the trial court heard testimony of witnesses offered by the plaintiff and by the Board. At the conclusion the trial court entered its judgment vacating the Board's decision discharging plaintiff and remanding the case to the Board to permit plaintiff to withdraw his plea of guilty and for a full hearing *de novo*.

On this appeal the Board's principal argument is that the trial court erred in hearing additional evidence. That argument is based on the following provision of section 11 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 274):

> "No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court."

Plaintiff argues, on the other hand, that in view of plaintiff's guilty plea, no evidence was presented at the hearing before the Board bearing upon plaintiff's guilt. Further, that the evidence heard by the trial court was only on a procedural issue, namely the conduct of the unreported plea bargaining session which took place during a recess called by the Board for the purpose of a "pretrial conference," which resulted in the plea agreement agreeing to a 30-day suspension in return for plaintiff's guilty plea. Plaintiff further argues that the transcript of proceedings before the Board in itself contains sufficient basis for affirmance of the order appealed from. We agree.

■■ It is a familiar principle that when an appeal is taken the appellee may defend the judgment below on any ground appearing of record, and that it is the duty of the reviewing court to affirm if the judgment below is proper. *Vendo Co. v. Stoner*, 58 Ill. 2d 289, 307; *Shaw v. Lorenz*, 42 Ill. 2d 246, 248; 5 Am. Jur. 2d *Appeal and Error* §931; see also *Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 147.

Our review of the proceedings before the Board discloses the following: The hearing of the charges of plaintiff's alleged violation of the rules of the Lombard Police Department took place on May 16, 1975. Present at that hearing, in addition to the three commissioners of the Board and the Board's secretary, were Mr. Ralph Gust (Village prosecutor, representing the police chief who brought the charges), Mr. Walter Wellman (Board attorney), Mr. Arthur Eggers (respondent there, plaintiff-appellee here), and Messrs. Kaplan and Hoffman (attorneys for Eggers). Mr. Peter Davis, Jr., a Board member, was hearing officer.

After Eggers pleaded not guilty to the charges Mr. Gust amended them, and the Board recessed to review the amended charges. When the Board reconvened at 8 p.m. Mr. Davis stated that "counsel are requesting a pretrial discussion behind doors to settle it." Pursuant to Mr. Wellman's suggestion and a Board member's motion for a "recess for 5 minutes for a pre-trial conference," a recess was taken which lasted until 8:57 p.m.

At the resumption of the hearing Mr. Gust further amended the charges, Eggers (through his attorney, Hoffman) withdrew his not guilty plea and pleaded guilty to paragraphs 2 and 3 of the second amended statement of charges, and Mr. Gust stated that pursuant to authority from the Chief he withdrew the charges under paragraph 4 "without prejudice." Mr. Eggers then made a statement of apology to Sgt. Kundrot for "speaking disrespectful [*sic*]" to him, and to four other named persons "if I spoke rudely." At Mr. Davis' request to Mr. Wellman to "warn him [Eggers] of the consequences of the plea of guilty," the following appears in the transcript:

> "MR. WELLMAN: Mr. Eggers, you realize that by pleading guilty to these charges, that the Board can either suspend you from one to 30 days, or they can discharge you from the department? That it is up to the Board to do that; and you have made these pleas of guilty of your own free volition and no promises have been made to you by anyone as to the consequences; is that correct?
>
> OFFICER EGGERS: Yes, sir.
>
> MR. WELLMAN: And while still realizing that, you persist in your plea of guilty to the two charges which remain?
>
> OFFICER EGGERS: Yes, sir."

Thereafter the Board retired into "executive session." Upon its return

Mr. Davis announced the Board's unanimous decision of Eggers' discharge effective immediately.

At this point in the proceedings before the Board Mr. Hoffman moved for reconsideration. We quote the following excerpts of the pertinent colloquy:

"MR. HOFFMAN: I would respectfully request the Board to reconsider its ruling. The Commission was privy to plea bargaining between two counsel; they were privy to the reason for the plea; they were privy to the statements of counsel on this side that we had good, just and meritorious defenses, but in favor of the possibility of this man losing his employment, that he would plead guilty to these two charges and receive a 30-day suspension. Judges, you knew the plea bargaining. You have taken a man's job after he pled guilty in reliance upon proper plea bargaining made in front of the Commission. The Village attorney was present and privy. The Village attorney will not deny that was the plea bargain. A man's job has been taken away and a man's livelihood has been jeopardized. He had plea bargained for a 30-day suspension in favor of a long trial that would possibly end in his discharge. We beg of you to reconsider the discharge and sentence him to the 30 days that was agreed upon and plea bargained between the Village attorney and the man. Every Commissioner knows that was behind the plea of guilty. The Commission's own attorney knows it and the Village's own attorney recommended acceptance of it. We would have never entered into the plea of guilty of the charges if we knew the Commission was going to separate the man. The complaining witnesses themselves are only recommending a 30-day suspension for the man. You speak of men injured on the job. This man has the possibility of forever losing the use of his leg in the defense of the citizenry of the Village of Lombard. We beg you to reconsider. I ask the Village attorney now if there wasn't such an agreement for the record.

MR. GUST: For the record, the agreement was 30 days suspension as a plea bargaining agreement.

MR. WELLMAN: Gentlemen, was that mentioned to the Board prior to the time that they retired to consider their finding and decision?

MR. HOFFMAN: Mr. Wellman—

MR. WELLMAN: I wish it had been mentioned.

MR. HOFFMAN: Mr. Wellman, it was mentioned to the Board. You yourself recommended acceptance of it by the Board in the back room session. That was why we redrafted the charges.

MR. WELLMAN: The Board is not bound by my recommendation or yours. I presume that is why the Chairman asked me to admonish the respondent as to the possible sentences which they could mete out.

MR. HOFFMAN: Mr. Wellman, I acknowledge that.

MR. WELLMAN: I knew nothing about it and tried to be fair in my statement to your client.

MR. HOFFMAN: I believe, Mr. Wellman, you did not know that the Board was going to return this verdict.

MR. WELLMAN: I did not. That is one reason I stay out of the Board room when they are deliberating on a verdict.

MR. HOFFMAN: Mr. Wellman, I would say this: as you well know, as an attorney, and as counsel well knows, as an attorney, under supervised plea bargaining before any judge in any county in any circuit in this district, the admonishment of the possible penalty is always given to the defendant before the agreed plea is assessed upon him. * * * The entire Commission was present when it was plea bargained. This was not plea bargaining between two lawyers outside of the presence of the Commission."

After additional colloquy, during which Mr. Hoffman repeatedly and without avail requested reconsideration by the Board, the following statements were made by Mr. Hoffman and Mr. Gust:

"MR. HOFFMAN: Then I would ask counsel for the petitioner to please join me in asking that the Board subscribe to a 30-day suspension. Counsel?

MR. GUST: I can state to the Board that our agreement was a 30-day suspension. I got the impression that the Board had no objection to that agreement, in all fairness to the defendant; and I got the impression that that would be the disposition of the Board from our discussions in the other room."

The foregoing extended excerpts from the transcript of proceedings before the Board clearly show that there was an agreement between the Village prosecutor, the Board's attorney and Eggers' counsel concerning the guilty plea and the imposition of a 30-day suspension in return therefor. Moreover, from the "impression" which Mr. Gust, the Village prosecutor, "got," that "the Board had no objection to that agreement," and that "that would be the disposition of the Board from our discussions in the other room," and from the statements of Mr. Hoffman, Eggers' counsel, it is obvious that the Board, at least by silence, acquiesced in the plea bargain,[1] and that Eggers entered his plea of guilty (and made his

---

[1] The facts here differ substantially from the recently decided case of *Solinger v. Board of Fire & Police Commissioners*, 37 Ill. App. 3d 1044, where a plea bargain was entered into after all the evidence was presented in support of the charge, and the reviewing court held that the record established that no agreement had been reached with the Board.

public apology) in the reasonable expectation that he would receive a 30-day suspension, not dismissal from the police force.

■■ Inasmuch as the transcript of proceedings before the Board shows that that plea bargaining agreement made in the Board's presence induced Eggers' plea of guilty and was acquiesced in by the Board, it was not necessary for the trial court to take additional testimony. The record of the proceedings before the Board shows that the guilty plea was not voluntary, and that Eggers was denied due process of law. It is therefore not necessary for us to decide whether the trial court was justified in hearing "new and additional evidence" bearing upon a "procedural issue."

The Board seeks to avoid the consequences of the plea bargain by calling attention to that portion of the transcript in which Eggers answered, "Yes, sir," to the "question" of Mr. Wellman (the Board's attorney) that "You have made these pleas of guilty of your own volition and no promises have been made to you by anyone as to the consequences." Mr. Wellman, for the Board, argues here that at that time Eggers and his counsel should have disclosed for the record the terms of the plea bargain agreed upon in the "pre-trial conference." We agree. However, Mr. Wellman, likewise had a duty to disclose the plea bargain which was not fulfilled. Instead, he asked Eggers a "question" which stated in positive terms that "no promises have been made," when he, Mr. Wellman himself, knew otherwise, but called in effect for an answer in the affirmative. It was not until the hearing on Eggers' motion for reconsideration by the Board that Mr. Wellman acknowledged that he had recommended acceptance by the Board of the plea bargain during the "pre-trial conference." The fact remains that there was a plea bargain which was not fulfilled rendering Eggers' guilty plea involuntary and therefore ineffective.

The Board also argues that the trial court erred in entering the order appealed from because the matter came on for hearing upon Eggers' motion for a stay of the Board's decision pending final disposition. Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 274) requires the trial court to hear and determine every action for Administrative Review "with all convenient speed." The parties were given full opportunity to present evidence and arguments, and the Board makes no allegations that it was deprived of any opportunity to do so. The trial court only complied with the statutory requirement in entering its judgment on the merits.

For the reasons stated in this opinion the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.