THE PEOPLE *ex rel.* TYRONE C. FAHNER, Attorney General, Petitioner-Appellant, *v.* JOSEPH J. HALZEL, d/b/a Video Movies of Hollywood, Inc., Respondent-Appellee.

First District (2nd Division)   No. 81—2576

Opinion filed December 14, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Donald Townsend and Joseph M. Spielman III, Assistant Attorneys General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The sole issue raised on appeal is whether the circuit court erred in denying the Attorney General's petition for an order compelling compliance with an investigatory subpoena brought pursuant to sec-

tion 26(g) of the Franchise Disclosure Act (Act) (Ill. Rev. Stat. 1979, ch. 121½, par. 726(g)). For the reasons which follow, we reverse.

On July 28, 1981, the Attorney General filed a petition in the circuit court for an order compelling Joseph Halzel, d/b/a Video Movies of Hollywood, Inc. (Video Movies), to produce the documentary materials previously demanded in his investigatory subpoena concerning Halzel's offering or selling of unregistered franchises in Illinois. The petition alleged, *inter alia*, that: Halzel was believed to be engaged in the business of selling franchises for the operation of outlets to sell at retail and wholesale levels and to rent video cassettes and movies; Halzel sold at least seven franchise/partnerships to Illinois residents since 1974, but has never registered to offer or sell franchises; Halzel advertised, offered and/or sold unregistered franchises to Illinois residents; prior attempts to receive voluntary statutory compliance from Halzel were to no avail; he had reason to believe that the offer and/or sale of Halzel's businesses in Illinois involved the offer and/or sale of unregistered franchises; a subpoena sent to Halzel by certified mail was returned unclaimed; on March 18, 1981, Halzel was personally served with a subpoena requiring the production of certain documents before March 31, 1981; and that Halzel refused and continues to refuse to produce the required information. The affidavit of the Stickney police officer who served the subpoena was attached to the petition.

Halzel filed an answer admitting that he has never been registered to offer or sell franchises in Illinois but denying the petition's other material allegations. The answer further alleged that Halzel had at no time engaged in the selling of franchises and that the investigation was unfounded and based on speculation or for purposes of harassment. On appeal, Halzel has not filed a brief in support of the circuit court's order.

The Attorney General maintains that the circuit court erred in denying his petition to enforce compliance with its investigatory subpoena. The merits of this contention are reached since the record here is simple and the claimed errors easily resolvable. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

The Act grants the "Administrator," defined as the Illinois Attorney General (Ill. Rev. Stat. 1979, ch. 121½, par. 703(20)), with the authority to make such investigations "as he deems necessary (i) to determine whether any person has violated, is violating, or is about to violate any provision of this Act *** or (ii) to aid in the enforcement of this Act ***." (Ill. Rev. Stat. 1979, ch. 121½, par. 726(a).) For the

purpose of any investigation, the Administrator is given the power to "require the production of any books, documents, records, tangible things *** which the Administrator deems relevant or material to his investigation." (Ill. Rev. Stat. 1979, ch. 121½, par. 726(b).) Possible violations of sections 4, 16, 16.1 and 25 (Ill. Rev. Stat. 1979, ch. 121½, pars. 704, 716, 716.1, 725) were being investigated in the instant controversy.

The *subpoena duces tecum* demanded, *inter alia*, a production of the following papers for the period since January 1, 1974: a sample copy of Halzel's sales, purchase, distributorship, dealer, licensee or franchise agreement; copies of all Halzel's advertisements; certain information concerning Halzel's utilization of an advertising agency; a sample copy of Halzel's marketing and promotional material; a list of all Halzel's current and past purchasers, distributors, dealers, licensees and franchisees in Illinois; a copy of each agreement for current and past purchasers, distributors, dealers, licensees or franchisees for Halzel; a list of all individuals residing in Illinois who requested and/or received promotional material from Halzel; a list of all current and former salespersons of Halzel; a list of all Halzel's outlets or operations in Illinois; and supporting documentation for all *pro forma* and profit projects employed in the promotional literature forwarded to prospective purchasers, distributors, dealers, licensees or franchisees of Halzel.

In reviewing the validity of an administrative subpoena, a court must consider the constitutionality of the statute, whether the contemplated agency proceedings are included within the statutory authority, the reasonableness of the demand and the relevance of the information sought. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 296, 430 N.E.2d 1012; see *People v. Crawford Distributing Co.* (1972), 53 Ill. 2d 332, 344, 291 N.E.2d 648.) An investigation that is arbitrary or undertaken for an improper purpose violates due process. (*United States v. Powell* (1964), 379 U.S. 48, 58, 13 L. Ed. 2d 112, 119-20, 85 S. Ct. 248, 255.) Courts cannot scrutinize whether the agency has probable cause for its proposed action, defenses on the merits of the administrative proceeding, or procedural irregularities. (*Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 562, 224 N.E.2d 236.) The effectiveness of regulatory legislation depends on the ability of the officials responsible for enforcing it to obtain information. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 295.) The purpose of an administrative investigation, like that of the grand jury, is to uncover matters previously unknown to the investigating body

which may or may not provide grounds for further action. *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 298; see *People v. Allen* (1951), 410 Ill. 508, 517, 103 N.E.2d 92.

Applying these principles to the instant controversy, we are compelled to conclude that the petition for an order of compliance with the investigatory subpoena should have been allowed. The Administrator's investigation of Halzel was well within his statutory authority, the demand for the specified documents was reasonably definite, and the papers sought were relevant to a determination of whether sections 4, 16, 16.1 and 25 of the Act had been violated (Ill. Rev. Stat. 1979, ch. 121½, pars. 704, 716, 716.1, 725).

Accordingly, the judgment of the circuit court is reversed with directions to enter an order compelling compliance with the subpoena.

Reversed with directions.

DOWNING and PERLIN, JJ., concur.