WILLIAM JONES, Ex'r of the Estate of Gerard Kloss, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF MUNDELEIN et al., Defendants-Appellees.

Second District   No. 2—83—0921

Opinion filed September 27, 1984.

Larry L. Johnson, of Dunlap & Brown, of Libertyville, for appellant.

Charles F. Marino, of Chicago, and Rosing, Magee & Applehans, Ltd., of Waukegan, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Lake County denying plaintiff Gerard Kloss' motions for declaratory judgment and injunctive relief. Kloss, a 10-year police veteran with an otherwise unblemished service record, was discharged by the defend-

ant Board of Fire and Police Commissioners on December 11, 1978, from the police force of the village of Mundelein for alleged wilful misconduct during an incident involving the use of his service revolver.

On administrative review, the circuit court of Lake County reversed the board's findings and ordered Kloss reinstated with back pay. The board appealed, and this court, in a divided opinion, reversed and remanded the cause for imposition of a sanction less severe than discharge. *Kloss v. Board of Fire & Police Commissioners* (1982), 108 Ill. App. 3d 8.

The supreme court granted leave to appeal, reversed this court's decision, vacated the circuit court's order to reinstate Kloss, and remanded the matter to the board. (*Kloss v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 252.) After remand, Kloss filed a motion for declaratory judgment that the board had lost jurisdiction of the matter, and for an injunction against the board to prevent further proceedings by it with regard to Kloss' discharge.

The circuit court denied both motions, electing to treat each as a complaint for the relief requested based on stipulated facts, rather than as motions in the context of an administrative review proceeding.

During the pendency of this appeal, Gerard Kloss died and we allowed his executor to be substituted.

The plaintiff contends on appeal that the relief requested was erroneously denied by the circuit court because the board's delay in commencing a hearing after remand caused it to lose jurisdiction and denied him due process.

The supreme court's mandate was filed in the circuit court on June 20, 1983. The board requested medical history information from the plaintiff on July 11, and he supplied a list of 24 doctors, psychiatrists, and hospitals on August 10. Upon his return from vacation, the board's attorney requested information from each source on August 30 and September 1. As of September 19, counsel for the board advised the plaintiff's attorney that responses from only six of the sources had been received. The plaintiff filed the instant suit for declaratory and injunctive relief on September 21.

Plaintiff requests this court to reverse the circuit court's denial of the relief requested, and to remand the cause back to the circuit court of Lake County for a hearing on the amount of back salary and benefits owed to the estate of Gerard Kloss.

The facts underlying the filing of the misconduct charge in 1978 are sufficiently detailed in the previous appeals of this cause, and fur-

ther repetition here is unwarranted and unnecessary to resolution of the present appeal. (*Kloss v. Board of Fire & Police Commissioners* (1982), 108 Ill. App. 3d 8, *rev'd and remanded* (1983), 96 Ill. 2d 252.) Of note briefly, however, is the prior disposition in each of the courts during the course of administrative review of the board's decision to discharge Kloss. The circuit court found that the board's decision was against the manifest weight of the evidence, and that the record did not support a finding that Kloss was guilty of wilful misconduct. Accordingly, the court reversed the board's decision and ordered Kloss reinstated with back pay and other benefits. On appeal, this court concluded that the board's findings of fact were not against the manifest weight of the evidence. This court also determined, however, that the plaintiff's misconduct was unrelated to the requirements of service, and accordingly remanded the cause to the trial court with direction to remand to the board for appropriate disciplinary action short of discharge. In making that determination, this court noted that the incident in question marred "an otherwise unblemished career, and occurred while Kloss was off duty in his home reacting to family problems. Further, it is likely he was suffering the effects of a combination of alcohol and prescription drugs." (108 Ill. App. 3d 8, 14.) The parties agreed that the trial court lacked the authority to order Kloss reinstated and awarded back pay and other benefits.

In reversing this court's decision, the supreme court agreed with the circuit court's determination that the record did not support a finding that Kloss was guilty of wilful misconduct; therefore, the board's determination was contrary to the manifest weight of the evidence. The court did not agree, however, with this court's conclusion that Kloss' behavior was unrelated to the needs of the police force or the village of Mundelein. It determined that it was unreasonable for the board in view of Kloss' otherwise unblemished record to have discharged him "without availing itself of the opportunity to examine in greater detail the medically related aspects of the basis for his discharge." (96 Ill. 2d 252, 259.) The court there had noted that the evidence presented to the board raised the strong possibility that Kloss' irrational behavior stemmed from an inadvertently induced adverse reaction to his medication.

In addition to reversing this court's judgment, the court there determined that the circumstances of the case required it to vacate the circuit court's order to reinstate Kloss.

The question presented here is whether the board lost its jurisdiction of the matter because no hearing was held within 30 days after issuance of the supreme court's mandate.

The supreme court's judgment was filed with the clerk of that court on May 18, 1983. Thus, it was "entered of record" and became final on that date. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304-05.) As noted in *Illinois State Chamber of Commerce v. Pollution Control Board* (1978), 67 Ill. App. 3d 839, 843, a reviewing court in Illinois is not divested of jurisdiction until the parties' rights of appeal have been exhausted. " '*** [A] reviewing court is divested of jurisdiction in a cause before it when its mandate issues to a lower court (thereby restoring jurisdiction in that court) or when a petition for leave to appeal from the appellate court to the Illinois Supreme Court has been allowed or when a petition for leave to appeal or *certiorari* to the United States Supreme Court has been granted (thereby passing jurisdiction to the higher court).' 2 Ill. App. 3d at 898, 274 N.E.2d at 360." See also *Bank of Viola v. Nestrick* (1981), 94 Ill. App. 3d 511, 514-15.

Supreme Court Rule 368(a) provides that the mandate of the reviewing court shall not be transmitted earlier than 21 days after the entry of the judgment unless the court orders otherwise. (87 Ill. 2d R. 368(a).) A petition for rehearing may be filed for a period of up to 21 days after the reviewing court's judgment is filed. 87 Ill. 2d R. 367(a).

The parties here note the supreme court's mandate was issued on June 16, 1983, the date the document was signed and sealed by the clerk of the supreme court. As previously noted, the mandate was filed in the circuit court on June 20, 1983. The mandate provided:

"It is the decision of this court that the order of the Appellate Court for the Second District be REVERSED insofar as it determined that the Circuit Court erred in finding the Board's decision was contrary to the manifest weight of the evidence; and that the order of the Circuit Court of Lake County be VACATED insofar as it reinstated Gerald [*sic*] Kloss without further inquiry into his capacity to serve as a police officer. This cause is remanded to the Board so that it may avail itself of the opportunity to take further evidence to determine a proper disposition of this matter."

It has been held that where a cause is remanded to a trial court, the trial court is bound to proceed as the mandate, not the opinion, directs it to unless the mandate instructs the court to proceed in conformity with the opinion. (*Perrin v. Pioneer National Title Insurance Co.* (1982), 108 Ill. App. 3d 181, 185.) Consequently, the board here was to "avail itself of the opportunity to take further evidence to determine a proper disposition of this matter."

Kloss asserts the 30-day hearing requirement of section 10—2.1—

17 of the Illinois Municipal Code (the Code) (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17) is mandatory and jurisdictional, and that like the "filing of charges," a remand from a reviewing court to an administrative agency triggers the beginning of the 30-day period. In support he cites *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190; *Finin v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 879; *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126; and *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001.

In pertinent part, section 10—2.1—17 provides:

> "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. \*\*\* The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. \*\*\*" Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.

Kloss argues this court's decision in *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, is apposite and supports his position that the board lost jurisdiction to consider the matter further because it failed to commence a hearing within 30 days of the remand by the Illinois Supreme Court. The defendants respond that the court's denial of the declaratory and injunctive relief sought by Kloss should be affirmed in view of the fact the initial hearing on the charges was scheduled for November 8, 1978, which was within the 30-day period, but was continued at Kloss' request to November 29, 1978. Defendants assert the hearing to be held after remand was to be a continuation of the initial hearing, and that this distinguishing feature renders *Bridges* inapplicable here.

Kloss argues the "initial" or "continued" nature of the hearing cannot be regarded as the dispositive issue because no such distinction is made in *Bridges*. He further argues that, absent the control enunciated in *Bridges*, the board would have had unbridled discretion to determine when and if a hearing was to be convened after remand. He asserts that such a situation would be contrary to the obvious intent and spirit of the statute; *i.e.*, to require that a board provide prompt adjudications to police and fire officers facing disciplinary action. He additionally disputes that the hearing after remand could be considered to be a "continuation" of the initial hearing, since under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101), a

reviewing court only has jurisdiction to review "final administrative decisions." Lastly, Kloss argues that a "close reading" of *Bridges* shows that a hearing was held there, and that the only distinction between that case and the instant one is the degree of impropriety in the respective hearings.

We agree with the defendants that *Bridges* is distinguishable and that the court did not err in denying the declaratory and injunctive relief requested.

▪▪▪ Preliminarily we note that judicial relief may be sought before administrative remedies have been exhausted when the authority or jurisdiction of an administrative agency to proceed is challenged. (*Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001 (injunction); *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126 (injunction); *Horan v. Foley* (1963), 39 Ill. App. 2d 458 (declaratory judgment).) Further, the fact of Gerard Kloss' death during the pendency of this appeal does not render the question moot, since the interest of his estate, at least in the issue of possible back pay and benefits, can be affected by the decision made by the board after receipt of further evidence.

In *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, this court found the failure of the board to commence a hearing within 30 days of remand to it from the circuit court deprived it of jurisdiction to subsequently discharge the plaintiff after a hearing 36 days after remand in which the board found him guilty of the original charges. Consequently, this court reversed the judgment of the circuit court affirming the plaintiff's discharge on administrative review. The remand to the board in that case had been ordered because the circuit court's opinion was that the plaintiff's reneging on a prior plea agreement could not be sustained as a basis for dismissal from the police force. The court ruled that plaintiff was entitled to a hearing on the charges contained in the original complaint.

Contrary to the plaintiff's assertion here, it is clear that no "hearing" was previously held in *Bridges* as that term is used in section 10—2.1—17 of the Code. The statute itself provides that the officer may not be dismissed unless he has had an opportunity to be heard in his own defense. The court in *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, rejected the contention of the board there that a "hearing on the charges" had been commenced, because no discussion of the merits of the charges occurred, no arguments were made, and no witnesses were called. Similarly in *Bridges*, there was no discussion of the merits of the charges, no argument, no

witnesses, and Bridges' attorney's demand for an immediate hearing on the charges went unheeded. The board discharged Bridges for the reason he reneged on a plea agreement which was negotiated by Bridges' counsel, counsel for the Board, and the city police chief, and which was approved by Bridges' counsel and the board's counsel. The circuit court's opinion was that Bridges' repudiation of the plea agreement could not be sustained as the basis for his dismissal from the police force, and it remanded the cause for a hearing on the original charges that Bridges violated section 12—3 of the Criminal Code of 1961 and section 14.19 of the rules and regulations of the Zion Police Department relating to "prohibited activity while on duty." *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 192-93.

The board's subsequent failure to commence a hearing within 30 days from the date the circuit court's order was rendered on June 15, 1977, was held to have deprived it of its jurisdiction to act. *Cf. Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 307-08 (board retains jurisdiction if delay attributable to plaintiff).

There is no dispute here that the original hearing on the charges against Kloss was commenced at a time when the board had jurisdiction. Although the hearing was not held within 30 days from the date of the filing of the charges, the delay was due to a request for continuance by Kloss. Where the delay in commencing the hearing until after the 30-day period is not attributable to the board, but rather is occasioned by the plaintiff, the statute is not violated. (*Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 308.) Further, it is clear that "once commenced," the hearing may be continued from time to time. Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17; *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 194.

Although it is true that review of administrative decisions is limited to final decisions which terminate the proceedings before the agency (Ill. Rev. Stat. 1983, ch. 110, par. 3—101), the reviewing court's power to remand a cause to the board for *de novo* or further hearing, evidence, or proceedings, is specifically authorized by statute. (Ill. Rev. Stat. 1983, ch. 110, pars. 3—111(a)(6), (a)(7); 87 Ill. 2d R. 366.) This power to remand frequently has been exercised. (See, *e.g., Creamer v. Police Pension Fund Board* (1978), 69 Ill. App. 3d 792 (for hearing *de novo*); *Curtis v. State Police Merit Board* (1953), 349 Ill. App. 448 (for grant of a hearing); *Village of Western Springs v. Pollution Control Board* (1982), 107 Ill. App. 3d 864 (for further hear-

ings); *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101 (for submission by either party of further evidence relevant to the issue of whether the officer's misconduct was substantially the result of psychiatric problems that led to his prior medical suspension).) Remand by a reviewing court has been approved even when no hearing has been held by the administrative agency (*Sahara Coal Co. v. Department of Mines & Minerals* (1981), 103 Ill. App. 3d 115, 124), and a circuit court order remanding a cause to the administrative agency for further hearings or proceedings has been held to be a nonappealable interlocutory order. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006.

As noted in *Creamer v. Police Pension Fund Board* (1978), 69 Ill. App. 3d 792, 794: "The general rule is that when an administrative decision is reversed, vacated, or remanded, the case stands as if no decision had ever been made." *De novo* means " 'trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered.' " 69 Ill. App. 3d 792, 796.

■■ No hearing had been held in the *Bridges* case, and the circuit court's remand was "for a hearing on the charges contained in the original complaint." (83 Ill. App. 3d 190, 193.) In contrast, the remand here was not for a *de novo* hearing, or even specifically for a hearing. The board was mandated to "avail itself of the opportunity to take further evidence to determine a proper disposition of [the] matter." Thus, it is clear that the proceedings at the original timely commenced hearing on the charges in November 1978 were not abrogated by the supreme court's mandate, nor was the board's jurisdiction to proceed after remand in this cause governed or limited by the jurisdictional provisions of section 10—2.1—17 of the Code. *Cf. Local Liquor Control Com. v. Illinois Liquor Control Com.* (1978), 59 Ill. App. 3d 1 (*de novo* hearing is a new proceeding which is neither dependent upon, nor limited by, the proceedings below); *McCaffery v. Civil Service Board* (1955), 7 Ill. App. 2d 164, 173-74 (reviewing court remand of cause to an administrative body does not require a trial *de novo*, and if findings are lacking which may properly be made upon evidence already received by the administrative board, there is no requirement that such evidence by reheard, and if further evidence is necessary and available, that evidence may be taken).

We note the case cited by Kloss in his reply brief, *Ragano v. Civil Service Com.* (1980), 80 Ill. App. 3d 523, is apposite to *Bridges* and, therefore, is distinguishable for the same reasons *Bridges* is distinguishable; *i.e.*, the "hearing" in *Ragano* which was convened and continued generally was determined to be only a subterfuge in order to

meet the statutory 30-day requirement, and the sole "evidence" presented at that time was the fact of the plaintiff's federal indictment for conspiracy. This court in *Bridges* recognized it would be a circumvention of the language of the statute to hold that a hearing continued at the outset amounted to a "commencement" of a hearing. (83 Ill. App. 3d 190, 194-95.) The hearing held below, however, was not a subterfuge, and plaintiff was accorded fully his right to present a defense to the charges. Consequently, *Ragano* is inapposite.

■ The grant, denial, or modification of injunctive relief is addressed to the trial court's sound discretion, and the court's judgment will not be disturbed unless it is against the manifest weight of the evidence. (*People ex rel. Fahner v. Community Hospital of Evanston* (1982), 108 Ill. App. 3d 1051.) Similarly, granting or denying a request for declaratory relief is discretionary, yet the trial court's exercise of its discretion is not entitled to the same deference afforded it in other contexts, but is subject to searching appellate review. (*Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433.) The court here found a hearing had been timely commenced in November 1978, and that *Bridges* was distinguishable on the basis that there was no hearing. Accordingly, the court did not err in denying Kloss' request for declaratory and injunctive relief which would have prevented the board from continuing further proceedings relative to the charges against him. We find no abuse of discretion, and the court's judgment will not be disturbed.

In addition to the issue of the board's strict compliance with the 30-day requirement as provided by section 10—2.1—17, the plaintiff has alternately argued that his constitutional right to due process was abridged because a hearing was not held within 30 days of the supreme court's remand. Defendants assert plaintiff failed to raise this issue below and, therefore, has waived the issue. Alternatively, defendants assert the record shows no violation of plaintiff's due process rights.

Plaintiff's motion for declaratory and injunctive relief and both parties' briefs detail the chronology of events subsequent to the entry of record of the Illinois Supreme Court's decision on May 18, 1983. By letter dated June 2, plaintiff's counsel informed the board that plaintiff was to be examined by his doctors, and that plaintiff could arrange to be made available to the board for examination by its physician and psychiatrist as well. On June 20, the date the supreme court's mandate was filed in the circuit court—thereby terminating the supreme court's jurisdiction of the cause and revesting it in the circuit court—plaintiff was again offered by his counsel in a phone

conversation with the board's attorney to be made available to the board for examination. Plaintiff was examined by his own physician on June 24 and June 28. By letter dated July 11, plaintiff's counsel was advised that prior to scheduling a hearing it would be necessary for the board to obtain plaintiff's medical records from his original entry date on the Mundelein police force (May 5, 1969) to the present. Plaintiff was asked to complete a medical history and sign a medical release authorization. Plaintiff's counsel by letter on July 20, 1983—30 days after the mandate was filed in the circuit court—acknowledged receipt of the forms and advised they had been forwarded to Kloss. Counsel indicated Kloss' VA hospitalization records and records from Condell Hospital, to which he was admitted after the incident, were available in his office for the board's inspection and copying. He also made a demand for an immediate hearing.

On August 10, plaintiff's counsel sent the completed forms to the board's counsel which listed a total of 24 medical record sources, including doctors, psychiatrists, and hospitals. Counsel indicated that although he objected to the scope of the information requested by the board, plaintiff's health was declining and plaintiff wished him to provide the information in order to facilitate an immediate hearing. Counsel for the board was on vacation from August 12 to August 26, and on August 30 and September 1, he requested records by letter from each of the 24 sources listed by the plaintiff on the medical history form.

On September 12, plaintiff's counsel wrote to the chairman of the Board of Fire and Police Commissioners expressing concern over a recent newspaper article which caused him to question the board's ability to be impartial, and indicating it was his understanding that medical records had not yet been requested by the board from the sources listed by the plaintiff. He again renewed plaintiff's request for an immediate hearing. On September 19, the board's counsel advised plaintiff's attorney by phone that as of that date only six responses had been received from the sources after they had been requested on August 30 and September 1, and advised him that the board planned to have the plaintiff examined when all of the medical records had been obtained. Plaintiff's counsel confirmed the conversation of September 19 by letter on that same date, and re-expressed his and his client's desire for an immediate hearing. The board's attorney confirmed the substance of the September 19 conversation by letter to plaintiff's attorney on September 20, 1983.

Plaintiff's motion for declaratory and injunctive relief was then filed on September 21, denied after hearing on September 26, and de-

nied again after hearing on plaintiff's motion for reconsideration on October 17, 1983. Plaintiff thereafter perfected his appeal, and this court granted a stay of proceedings pending appeal. Further communications noted by defendants in their brief which occurred between the parties after the circuit court's October 17 judgment and October 19 notice of appeal are *dehors* the record and may not be considered here.

■ Initially, we agree with the defendants that plaintiff failed to specifically raise the issue of his denial of constitutional due process in the court below, and thus has waived the issue here. (*Janson v. Illinois Pollution Control Board* (1979), 69 Ill. App. 3d 324.) It is true that administrative as well as judicial proceedings are governed by fundamental principles and requirements of due process of law. (*Mathers v. Pollution Control Board* (1982), 107 Ill. App. 3d 729; *Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42.) Nevertheless, where the record fails to show that a matter urged on appeal was decided by the circuit court, the issue is not properly preserved, and an argument presented for the first time on appeal is deemed waived. *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 1007-08.

Even if the record of plaintiff's comments below concerning the spirit and intent of section 10—2.1—17 of the Code may be construed as having raised the issue of a violation of plaintiff's constitutional right of due process, it is clear that the trial court did not pass upon the issue in light of its comment at the conclusion of the hearing:

> "*Obviously there is a due process question that might arise in the future,* but I think on the equities of the situation Officer Kloss has not been penalized by the failure of the village to have the hearing held by today's date." (Emphasis added.)

Later, at the hearing on plaintiff's motion to reconsider, plaintiff argued the reason for the 30-day requirement was to afford policemen and firemen protection and so that things "won't drag out and take a long time." Yet, plaintiff also argued there that if the board needed to continue the hearing in order to obtain all of the medical records it wished, it could have continued it (the hearing) "all they [*sic*] want." As defendants point out, nothing of significance could have been accomplished at such a hearing held before the board had acquired the medical records it determined it needed in order to devise a proper disposition. Further, commencement of such a sham "hearing" simply for the purpose of complying with the 30-day requirement would likely not have survived challenge on review. See, *e.g., Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126,

129.

Aside from the initial statutory jurisdictional requirement set forth in section 10—2.1—17 of the Code, it has been held that the demands of due process do not require a hearing at the initial stage or at any particular point or at more than one point in a proceeding so long as the requisite hearing is held before the final order becomes effective. (*People ex rel. Pennsylvania R.R. Co. v. Illinois Commerce Com.* (1968), 40 Ill. 2d 58.) Administrative due process requires only a definite charge, adequate notice, and a full and impartial hearing. (*Cox v. Daley* (1981), 93 Ill. App. 3d 593.) After a judgment is reversed and the cause is remanded, the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal; if specific directions are given, nothing can be done except carry out those directions, but if no specific directions are given, it must be determined on the nature of the case what further proceedings will be proper and not inconsistent with the opinion. (*People v. Webb* (1982), 109 Ill. App. 3d 328; *In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 1133.) An administrative investigation that is arbitrary or in excess of statutory authority or undertaken for an improper purpose, such as to harass, violates due process. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279; *People ex rel. Fahner v. Halzel* (1982), 114 Ill. App. 3d 560.) The permissible scope of an administrative demand for information or the production of documents is measured by the relevance of the information sought to the problem under investigation. 88 Ill. 2d 279, 296-97.

■■ We believe the record here shows the board was proceeding in a reasonably prompt and expeditious manner in compliance with the mandate, and that the plaintiff's due process rights have not been violated. A proceeding before an administrative body is not a partisan proceeding but is instead an administrative investigation instituted for the purpose of ascertaining and making findings of fact, and should adhere reasonably to the procedure ordinarily followed in controverted matters. (*Gigger v. Board of Fire & Police Commissioners* (1959), 23 Ill. App. 2d 433, 438.) We find no contention in the record that the plaintiff was limited at the initial hearing in presenting relevant medical evidence with regard to his irrational behavior on the date of the incident. Further, although his counsel's communications with the board after the remand appear to question the scope of the information sought by the board in "availing" itself of the opportunity to take further evidence, nevertheless, plaintiff himself acquiesced in the request for such information in order to expedite the hearing. Consequently, whether the board had either the burden or the author-

806

ity to obtain the extensive medical reports was not an issue presented to or decided by the court below, and is not properly before this court.

Additionally, the record does not contain a hint of truth to the plaintiff's suggestion that the extent of the medical records sought by the board was calculated to deprive him of a prompt hearing or for any purpose other than to enable the board to comply with the supreme court's mandate. The board could not conceivably have envisioned that the plaintiff would die before it had a chance to evaluate the further evidence gathered after remand, particularly in view of the fact the record indicates the plaintiff died as the result of a myocardial infarction which, ostensibly at least, was unrelated to the disability he endured with respect to his hip joints at the time the instant action was pending below.

We conclude the plaintiff has not been denied due process as the result of the delay.

Because we affirm the judgment of the court below, we do not decide the propriety of plaintiff's prayer for relief seeking remand to the circuit court for determination of the back pay and benefits owed his estate.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., and REINHARD, J., concur.