SIXTH DIVISION
September 22, 2006

No. 1-04-3882

DAVID CESARIO,                              )    Appeal from the
                                           )    Circuit Court of
          Petitioner-Appellee,             )    Cook County
                                           )
     v.                                    )
                                           )
BOARD OF FIRE, POLICE AND PUBLIC SAFETY    )
COMMISSIONERS OF THE TOWN OF CICERO,       )
WAYNE JOHNSON as Chief of Police, and      )
the TOWN OF CICERO, ILLINOIS,              )    Honorable
                                           )    David Donnersburger,
          Respondents-Appellants.          )    Judge Presiding


     JUSTICE McNULTY delivered the opinion of the court:

     The Town of Cicero (Town) charged officer David Cesario with

misconduct.  The Town voluntarily dismissed the charges and later

refiled the dismissed charges.  The Board of Fire, Police and

Public Safety Commissioners (Board) began the evidentiary hearing

about nine months after the Town moved for leave to refile the

charges.  Following the evidentiary hearing the Board terminated

Cesario's employment.  On administrative review, the trial court

vacated the Board's order, holding that the Board lost

jurisdiction before the evidentiary hearing began.  Because the

record on appeal does not show when the Board permitted the

refiling of the charges, or the cause for the delay between the

refiling and the hearing, we cannot infer that the Board retained

jurisdiction over the case.  Accordingly, we affirm the trial

court's decision vacating the Board's order.

                          BACKGROUND

     On February 8, 1998, several Cicero police officers,

including Cesario, chased and arrested Javier Leal.  A doctor who

treated Leal following the arrest found several lacerations to Leal's scalp, a chipped tooth, a fractured nose and other indications that Leal had suffered a beating. Investigators from the internal affairs division of Cicero's police department interviewed Cesario and other officers about the arrest.

In April 1998 the Town of Cicero filed a complaint against Cesario with the Town's Board of Fire, Police and Public Safety Commissioners, charging Cesario with using excessive force when arresting Leal. The Town also accused Cesario of lying to investigators from internal affairs.

The Board promptly began proceedings on the charges. Cesario requested several continuances and agreed to several further continuances the Town requested. At a hearing on May 5, 1998, the parties discussed the status of discovery. Cesario's attorney agreed to set June 8, 1998, as the date to determine whether the parties had completed discovery. The Town's attorney raised "the nettlesome issue of the thirty-day rule." Cesario's attorney answered:

"We made a motion for continuance.

* * *

*** There is no problem with the thirty-day rule. We will waive it and see you on the 8th for status hearing. We will set a hearing date that night."

Later that year Cesario sought pension benefits for disability. The Board, with the agreement of both parties, held

no proceedings on the charges against Cesario pending a decision on his petition for disability benefits.

Cesario eventually won the disability benefits. In November 1999 the Town moved to recommence the proceedings against Cesario for use of excessive force and for lying to investigators. The Town's attorney, in summarizing prior proceedings, told the Board:

"There were charges filed ***. The case was voluntarily dismissed. It was dismissed, by agreement, without prejudice."

The Board granted Cesario's new attorney two weeks to respond to the motion to recommence the proceedings.

The trial court and the parties refer to the motion as one to reinstate the charges. We find that this is a misnomer. Following a voluntary dismissal, the plaintiff has 30 days in which to move to vacate the dismissal. Hawes v. Luhr Brothers, Inc., 212 Ill. 2d at 93, 105-06 (2004). Once the 30-day period has elapsed, the court has no power to reinstate the cause of action, unless the court granted the plaintiff, at the time of the voluntary dismissal, leave to move to set aside the dismissal. Layfield v. Village of University Park, 267 Ill. App. 3d 347, 349 (1994); Weisguth v. Supreme Tribe of Ben Hur, 272 Ill. 541, 543 (1916); but see Hawes, 212 Ill. 2d at 104-07 (Weisguth rule partially superceded by statute). Absent such leave to set aside the dismissal, the plaintiff must begin the

action anew by filing a new complaint or by refiling the original complaint. Layfield, 267 Ill. App. 3d at 349; Weisguth, 272 Ill. at 543. The record here shows no reservation of a right to set aside the dismissal, and we see no indication that the Town sought to set aside the voluntary dismissal. In effect the Town sought leave to begin a new action by refiling the charges against Cesario. We will refer to the Town's motion as one for leave to refile the charges. When the parties in the transcript discuss the motion for reinstatement, we will treat that as a reference to the motion for leave to refile the charges.

The Board heard evidence related to the charges on August 29, 2000, and October 10, 2000. In the final order dated September 9, 2003, the Board assessed the credibility of the witnesses and concluded that the evidence substantiated the charges. Accordingly, the Board terminated Cesario's employment as a Cicero police officer.

Cesario petitioned for administrative review of the Board's order. The Board filed the record of the evidentiary hearing in response to the petition. Cesario moved to compel the Board to file a complete record of all pretrial proceedings. The court granted the motion. The Board filed transcripts of all proceedings in 1998 leading up to the voluntary dismissal, and transcripts of proceedings held in November and December 1999. The Board produced no record concerning any proceedings in 2000 prior to the beginning of the evidentiary hearing on August 29,

2000.  In the transcript of the August hearing, the parties refer to earlier proceedings in 2000.  The Board produced no transcript from those proceedings.

The Board supplemented the record with the affidavit of the attorney who represented Cesario at the evidentiary hearing.  The attorney swore:

"I did not file any motions or pleadings regarding the reinstatement of the charges.  The charges were previously dismissed without prejudice and by agreement of the parties."

The trial court held:

"At the December 6, 1999 hearing, the matter of reinstatement was taken under consideration with ruling on the motion to be made in writing.  Much of the record has been lost and while it is clear that at some point the motion to reinstate was granted, there is no record of this.  There is no indication anywhere in the record of the date when the motion to reinstate was granted.

* * *

*** There is no presumption of jurisdiction of an administrative review board. [Citation.]  The facts upon which jurisdiction is founded must be contained in the administrative record. [Citation.]

* * *

In the instant case, there is no information in the Record as to when the charges against Plaintiff were reinstated. Therefore, it is impossible to determine whether a hearing on the reinstated charges was commenced within thirty days. Nor can this court assume that any delay in the commencement of the hearing on the reinstated charges was by agreement of Plaintiff as there is nothing in the Record which indicates this.

*** [T]he order of dismissal is void for lack of jurisdiction."

The Board now appeals.

## ANALYSIS

We review the Board's decision, not the trial court's judgment. Sangirardi v. Village of Stickney, 342 Ill. App. 3d 1, 10 (2003). We defer to the Board's findings of fact, but we review *de novo* issues of law. Sangirardi, 342 Ill. App. 3d at 10.

The Illinois Municipal Code provides:

"Except as hereinafter provided, no officer or member of the fire or police department of any municipality *** shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. *** The board of fire and police commissioners shall conduct a fair and impartial

hearing of the charges, to be commenced within 30 days
of the filing thereof, which hearing may be continued
from time to time."  65 ILCS 5/10-2.1-17 (West 1998).
Failure to comply with the statutory time limit for beginning the
hearing divests the Board of jurisdiction over the case.  <u>Kvidera
v. Board of Fire & Police Commissioners of Village of Schiller
Park</u>, 192 Ill. App. 3d 950, 956 (1989).

"However, where the delay in commencing the hearing
within the 30-day period is not attributable to the
Board, but rather to the plaintiff, the statute is not
violated. [Citations.]

*** [R]egardless of the exact cause, the relevant
inquiry is whether the delay was the result of the
plaintiff's behavior or, in the alternative, whether it
was attributable to the Board."  <u>Kvidera</u>, 192 Ill. App.
3d at 956-57.

The Board claims that it retained jurisdiction because
Cesario agreed to several continuances in 1998, and on May 5,
1998, Cesario's attorney expressly waived the 30-day rule.
However, the waiver and the 1998 continuances preceded the
voluntary dismissal of the charges.  When the Town refiled the
charges, it began a new action against Cesario.  See <u>Neuman v.
Burstein</u>, 230 Ill. App. 3d 33, 36 (1992); <u>Moran v. Ortho
Pharmaceutical Corp.</u>, 907 F. Supp. 1228, 1229 (N.D. Ill. 1995);
735 ILCS 5/13-217 (West 1998).  We cannot construe the waiver of

the 30-day rule at one stage in the initial proceedings as a waiver of that rule for any proceedings in the new action the Town commenced by refiling the charges. See Kern v. Peabody Coal Co., 151 Ill. App. 3d 807, 811 (1987) (jury waiver in initial action does not affect right to jury trial on refiled complaint following voluntary dismissal).

Both parties compare this case to cases involving hearings on remand following an appeal. Cesario cites Bridges v. Board of Fire & Police Commissioners of City of Zion, 83 Ill. App. 3d 190 (1980), as authority showing that the Board lost jurisdiction, while the Board claims that under Jones v. Board of Fire & Police Commissioners of Village of Mundelein, 127 Ill. App. 3d 793 (1984), it retained jurisdiction to hear the charges against Cesario even if it did not begin the hearing within 30 days of the refiling of the charges.

In Bridges the Zion board discharged the plaintiff without holding an evidentiary hearing. The trial court reversed the judgment and remanded the case to the Zion board for a hearing. The Zion board began the hearing more than 30 days after the trial court issued the order. The board discharged the plaintiff and the plaintiff appealed. The appellate court held that the Zion board lost jurisdiction over the case when it failed to commence the hearing within 30 days of the remand order. Bridges, 83 Ill. App. 3d at 195.

In Jones the Mundelein board discharged the plaintiff

following a full evidentiary hearing.  Our supreme court reversed the decision and remanded to the Mundelein board for "'the opportunity to take further evidence to determine a proper disposition.'" Jones, 127 Ill. App. 3d at 801.  The Mundelein board did not begin the proceedings on remand within 30 days of the issuance of our supreme court's mandate.  On a second appeal the appellate court rejected the argument that the Mundelein board lost jurisdiction.  The court emphasized that the Mundelein board commenced the proceedings in accord with the 30-day provision, before the initial appeal.  The court distinguished Bridges:

> "No hearing had been held in the Bridges case [prior to the remand] ***.  In contrast, the remand here was not for a *de novo* hearing, or even specifically for a hearing. ***  [I]t is clear that the proceedings at the original timely commenced hearing on the charges in November 1978 were not abrogated by the supreme court's mandate."  Jones, 127 Ill. App. 3d at 801.

The remand did not require the refiling of charges.

The court in Jones acknowledged the continuing vitality of Bridges and its holding that the Board loses jurisdiction if it fails to begin the hearing within 30 days of the filing of the charges, unless the person charged causes the delay.  Jones, 127 Ill. App. 3d at 799-800.  In Bridges, as interpreted in Jones, the proceedings following the appeal continued the preappeal

proceedings on the charges.  Because the Zion board in <u>Bridges</u> failed to begin the evidentiary hearing before the appeal, the court order remanding the case for an evidentiary hearing triggered the 30-day jurisdictional period for the hearing.  The Zion board's failure to begin the hearing within 30 days of the order for remand, through no fault of the plaintiff, deprived the board of jurisdiction over the charges.

Here, following the voluntary dismissal, proceedings could not recommence without the refiling of the charges against Cesario.  The Board allowed the Town to refile the charges against Cesario, thereby starting a new action against Cesario. The proceedings in 1998, prior to the voluntary dismissal, have no bearing on the jurisdictional requirements for proceedings on the refiled charges.  This case, unlike <u>Jones</u> and <u>Bridges</u>, involves a new action, not a continuation of the proceedings begun prior to the voluntary dismissal.  To assert jurisdiction, the Board needed to begin the hearing within 30 days of the refiling of the charges, unless Cesario caused the delay.  See 65 ILCS 5/10-2.1-17 (West 1998).

The record here does not show when the Board allowed the Town to refile the charges against Cesario.  "[B]ecause there is no presumption in favor of the jurisdiction of administrative agencies, the facts upon which their jurisdiction is founded must appear in the record."  <u>Kahn v. Civil Service Comm'n</u>, 40 Ill. App. 3d 615, 618 (1976).  The record here cannot support the

conclusion that the Board began proceedings on the refiled charges within 30 days of refiling.

The Board argues nonetheless that the record shows that it had jurisdiction because Cesario waived the 30-day provision. First, the Board notes that Cesario asked for some time to respond to the motion to refile the charges. We do not see how the request makes Cesario responsible for a delay between the Board's decision to allow the Town to refile the charges and the commencement of the hearing.

The Board also notes that Cesario's attorney admitted that he never demanded a hearing following the refiling of the charges. As the court held in Bridges:

> "There is no requirement in section 10-2.1-17 *** to the effect that the plaintiff must file a demand for a hearing. Consequently we see no basis in the argument that the demand for a hearing should start the running of the 30-day period." Bridges, 83 Ill. App. 3d at 194.

The Board must meet its statutory duty of commencing proceedings in a timely manner. The respondent need not demand a hearing to receive the benefit of the jurisdictional timing provisions. Because the Board has not shown that Cesario caused the delay between the refiling of the charges and the start of the hearing, the Board has failed to show that it had jurisdiction to hear the charges.

Finally, the Board argues that if it lost jurisdiction, jurisdiction revested in the Board when Cesario participated in the hearings without objection.  Under the narrow doctrine of revestment, "litigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed."  People v. Kaeding, 98 Ill. 2d 237, 240 (1983).  But "[a]n administrative agency is different from a court because an agency only has the authorization given to it by the legislature through the statutes. Consequently, to the extent an agency acts outside its statutory authority, it acts without jurisdiction."  Business & Professional People for Public Interest v. Illinois Commerce Comm'n, 136 Ill. 2d 192, 243 (1989).  Where our legislature has carefully proscribed the jurisdiction of an administrative body, litigants cannot by consent sidestep the proscriptions.  City of West Frankfort v. Industrial Comm'n, 406 Ill. 452 (1950); Rockford Township Highway Department v. Illinois State Labor Relations Board, 153 Ill. App. 3d 863, 875 (1987).  Thus, the doctrine of revestment does not apply to administrative agencies.  Cesario could not revest the Board with jurisdiction when the statute terminated that jurisdiction.

The record does not show that the Board began hearings in this case within 30 days of the refiling of charges following the

voluntary dismissal of the original charges. The record also gives no indication that Cesario delayed the hearing on the refiled charges. Thus, we cannot conclude from this record that the Board had jurisdiction over the case when it began the evidentiary hearing. Accordingly, we hold that the trial court correctly vacated the Board's order.

Affirmed.

TULLY and O'MALLEY, JJ., concur.