DANIEL WALSH, Champaign County Sheriff, Plaintiff-Appellee, v. THE CHAMPAIGN COUNTY SHERIFF'S MERIT COMMISSION *et al.*, Defendants (Rhonda Tarr, Defendant-Appellant).

Fourth District    No. 4—10—0194

Opinion filed September 27, 2010.

Robert G. Kirchner (argued), of Robert G. Kirchner Law Office, of Champaign, for appellant.

Julia Rietz, State's Attorney, of Urbana (David DeThorne (argued), Assistant State's Attorney, of counsel), for appellee.

JUSTICE APPLETON delivered the opinion of the court:

The Champaign County Sheriff's Merit Commission (Commission) issued a ruling on July 14, 2009, which dismissed the disciplinary charges filed against appellant, Rhonda Tarr, by Daniel Walsh, Champaign County sheriff (Sheriff). The Sheriff sought administrative review of the Commission's decision, complaining that the Commission had exceeded its statutory authority by dismissing the charges and reinstating Tarr to her position as a corrections officer without first considering evidence related to the charges. The circuit court agreed with the Sheriff and remanded the matter to the Commission with directions to conduct an evidentiary hearing. Tarr appealed, claiming the Commission's order was not void *ab initio*, as it had acted in accordance with its statutory authority to dismiss the disciplinary charges. We affirm the circuit court's order remanding the matter to the Commission.

## I. BACKGROUND

On March 18, 2009, the Sheriff filed a complaint with the Commission, seeking Tarr's discharge from her employment as a corrections officer. The Sheriff alleged Tarr had provided false information supporting her claim that on November 10, 2008, she was ill and entitled to compensation. The following day, November 11, 2008, was a paid holiday. According to the terms of the collective bargaining agreement, an employee must work the day immediately preceding and the day immediately following a holiday in order to receive holiday pay, unless the employee's absence is excused. On December 8, 2008, Tarr produced a doctor's note, indicating she had been treated at Carle Convenient Care on November 10, 2008. Through some investigation, the Sheriff discerned information which led him to

believe the note was fraudulent. Further investigation revealed no record that Tarr had visited the clinic on November 10, 2008. The Sheriff's complaint alleged Tarr had violated five directives of the Champaign County sheriff's office regarding this incident, and, as a result, the Sheriff sought her discharge from employment.

Pursuant to the terms of her collective bargaining agreement, Tarr elected to have the complaint heard before the Commission, rather than an independent arbitrator. She filed an answer denying the Sheriff's allegations.

On May 11, 2009, the Commission convened for a hearing to consider the matter. On the record, the Commission retained the services of attorney David Krchak as counsel. Krchak explained that his duty was to provide the Commission with legal advice and answer any legal questions the Commission had during the course of the proceedings. Attorney Krchak noted that the Commission had not had "a hearing of this type in the past 17 years" and none of the current commissioners had "ever been involved in a disciplinary hearing such as this." He explained that Tarr had a property interest in the proceedings, and she was, therefore, entitled to due process. He advised that Tarr could present evidence and cross-examine the Sheriff's witnesses.

The hearing continued with a discussion among counsel of pretrial matters relating to discovery and subpoenas. Tarr's counsel requested the production of certain documents, and the parties discussed what documents were available and which were in the Sheriff's possession. The hearing was adjourned to allow for the production of discovery.

On June 1, 2009, immediately prior to the start of the next scheduled hearing before the Commission, Tarr filed a motion to reinstate her employment. Once the hearing convened, Tarr's counsel questioned whether notice of the hearing had been posted as required by section 2.02 of the Open Meetings Act (5 ILCS 120/2.02 (West 2008)). Acknowledging that it had failed to comply, the Commission adjourned the hearing.

On June 8, 2009, the Commission entertained Tarr's motion to reinstate, wherein she had alleged several claims. First, she claimed the Commission had failed to designate a vice chairman and secretary as required by section 3—8005 of the Sheriff's Merit System Law (Merit Law) (55 ILCS 5/3—8005 (West 2008)). Second, she claimed the Commission failed to comply with section 3—8009 of the Merit Law (55 ILCS 5/3—8009 (West 2008)), in that it had failed to formulate, adopt, and put into effect rules, regulations, and procedures for the operation and the transaction of its business, which included the determination of disciplinary measures to be imposed upon the Sheriff's employees. She claimed the absence of such procedures would

lead to an arbitrary and capricious decision in violation of her due-process rights.

Third, she claimed the Sheriff and the Commission had failed to prepare and review, respectively, disciplinary and efficiency reports for each employee as required by section 3—8016 of the Merit Law (55 ILCS 5/3—8016 (West 2008)). Fourth, she claimed the Sheriff had failed to timely initiate the disciplinary action against her in that the complaint was not filed within a reasonable time as required by article VIII(a)(1) of the Commission's Administrative Procedures Rules and Regulations (APRR) (effective August 23, 1988, last revised November 13, 2008), nor was a hearing scheduled within 30 days as required by section 33.08 of the collective bargaining agreement.

Fifth, she claimed the Commission had failed to post a notice of the disciplinary hearing as required by article I(d) of the APRR. Sixth, she claimed the Commission had failed to maintain a minute book as required by article I(k) of the APRR. Seventh, she claimed she had been deprived of pay without a hearing for more than three days in violation of article VII(b)(1) of the APRR. Eighth, she claimed the Sheriff had not consistently applied section 25.02 of the collective bargaining agreement among his employees regarding entitlement to holiday pay. Ninth, she claimed the Sheriff had failed to notify her in writing of the alleged disciplinary matter prior to interrogation. And finally, citing section 8—803.5 of the Code of Civil Procedure (735 ILCS 5/8—803.5 (West 2008)), Tarr claimed the Sheriff's investigation of this matter violated her right to privileged communications with her union representative.

At the hearing, Tarr argued that the claimed violations would result in unfair proceedings against her. Primarily, she focused on her claim that the Commission had no procedures, rules, or regulations in force that would allow it to review the Sheriff's request for discipline. Without such procedures, rules, or regulations, she alleged, the Commission was "unable to, in a fair, equitable, and consistent fashion, make any decisions with respect to the manner in which discipline, if any, should be imposed and renders the decision-making process arbitrary and capricious, violating due process." The Sheriff argued against Tarr's motion, responding paragraph by paragraph. The Commission took the matter under advisement.

On July 13, 2009, the Commission reconvened and acknowledged that it had not entirely complied with all of the requirements of the Merit Law. After discussions regarding potential violations, one of the three commissioners made a motion to dismiss the charges against Tarr based on the Commission's perceived deficiencies. Before the Commission voted, Tarr argued that the lack of rules, protocols, and

guidelines supported the dismissal of the charges. The Sheriff's counsel argued that the Commission had the duty to consider evidence supporting his complaint against Tarr. In a two-to-one vote, the Commission dismissed the charges against Tarr and reinstated her employment because it felt it did not have "its ducks in a row."

On August 5, 2009, the Sheriff filed a motion to reconsider, and on August 14, 2009, he filed a complaint for administrative review, seeking an order remanding the matter to the Commission for an evidentiary hearing. The Sheriff claimed the Commission had the authority to dismiss the charges only after considering evidence. He argued the Commission's decision could not be based solely on "its own perceived lack of established policies and procedures and past failures to follow other statutory requirements." The Sheriff argued the Commission's order was void *ab initio*.

On January 7, 2010, the circuit court conducted a hearing, and after considering arguments of counsel, the court ordered the matter remanded to the Commission for a hearing "on what, in testimony and evidence, is presented." The court ordered the Commission to "make a determination based upon the preponderance of the evidence as to whether or not the charges can be, or are, sustained."

On February 12, 2010, the circuit court conducted a hearing to consider whether its decision to remand was final for the purposes of an appeal. After determining that the order was interlocutory in nature, all parties agreed that the court would certify two questions pursuant to Supreme Court Rule 308(b) (155 Ill. 2d R. 308(b)) and stay the proceedings pending this court's review. On March 1, 2010, the circuit court entered a written order, certifying for immediate appeal two questions related to its January 7, 2010, interlocutory order. On March 17, 2010, Tarr petitioned for leave to appeal pursuant to Rule 308, and on April 1, 2010, this court granted leave. This appeal followed.

## II. ANALYSIS

The circuit court certified two questions for review: (1) whether the Commission's July 14, 2009, order dismissing the charges against Tarr is void *ab initio*; and (2) whether it had erred in remanding the matter to the Commission for an evidentiary hearing. Both questions address the same issue: whether the Commission had the authority to dismiss the charges filed by the Sheriff against Tarr without considering any evidence relating to the charges.

We begin our analysis by examining the basis of the Commission's authority to act.

> "It is established that administrative agencies, such as the Merit Board, exercise purely statutory powers and possess no inherent or

common law powers. [Citation.] Any power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created. [Citation.] An administrative agency cannot extend its statutory authority by enacting administrative rules. [Citation.] The authority of an administrative agency must derive either from the express language of the enabling act or by fair implication and intendment from the express provisions of the act as an incident to achieving the objectives for which the agency was created. [Citation.] An express grant of power to an administrative body or officer includes the authority to do all that is reasonably necessary to execute that power or to perform the duty specifically conferred. [Citations.]" *O'Grady v. Cook County Sheriff's Merit Board*, 260 Ill. App. 3d 529, 534-35, 632 N.E.2d 87, 91-92 (1994).

Because an administrative agency can only act pursuant to its statutory authority, any action beyond that authority is void. *Larrance v. Human Rights Comm'n*, 166 Ill. App. 3d 224, 231, 519 N.E.2d 1203, 1208 (1988). "The purpose of judicial review of an administrative agency's decision is to keep the agency within its statutory grant of authority and thus guard the rights of the parties which are guaranteed by the constitution and statutes." *Ragano v. Illinois Civil Service Comm'n*, 80 Ill. App. 3d 523, 527, 400 N.E.2d 97, 100 (1980).

Generally, an agency must base its order upon evidence produced in a hearing at which all interested parties have an opportunity to offer evidence and cross-examine witnesses. *Curtis v. State Police Merit Board*, 349 Ill. App. 448, 457, 111 N.E.2d 159, 163 (1953). In fact, in order to comply with administrative due process, there must be a definite charge, adequate notice, and a full and impartial hearing. *Jones v. Board of Fire & Police Commissioners of the Village of Mundelein*, 127 Ill. App. 3d 793, 805, 469 N.E.2d 393, 402 (1984). The purpose of an administrative proceeding is for the governing body to investigate the claim at issue by ascertaining the respective positions of the interested parties and making findings of fact. *Jones*, 127 Ill. App. 3d at 805, 469 N.E.2d at 403.

Here, the Commission's authority to act is derived from section 3—8007 of the Merit Law (55 ILCS 5/3—8007 (West 2008)), which provides:

"The Merit Commission shall have the duties, pursuant to recognized merit principles of public employment, of certification for employment and promotion, and, upon complaint of the sheriff or states [*sic*] attorney as limited in this Division, to discipline or discharge as the circumstances may warrant."

Section 3—8013 of the Merit Law (55 ILCS 5/3—8013 (West 2008)) provides that any disciplinary issue taken by a sheriff against a certi-

fied employee will be reviewed "subject to mandatory bargaining, including, but not limited to, the use of impartial arbitration as an alternative or supplemental form of due process." The collective bargaining agreement applicable in this case, in particular, section 33.06, provides that the employee may choose whether to have the issue considered by the Commission or by an independent arbitrator. Tarr chose to have her disciplinary charge reviewed by the Commission. Therefore, section 3—8014 of the Merit Law (55 ILCS 5/3—8014 (West 2008)) governs. That section provides, in relevant part:

> "The charges *shall be heard* by the Commission upon not less than 14 days' certified notice. At such hearing, the accused certified person shall be afforded full opportunity to be represented by counsel, to be heard in his own defense and to produce proof in his defense. Both the Commission and the sheriff may be represented by counsel. The State's Attorney of the applicable county may advise either the Commission or the sheriff. The other party may engage private counsel to advise it.
>
> The Commission shall have the power to secure by its subpoena both the attendance and testimony of witnesses and the production of books and papers in support of the charges and for the defense. Each member of the Commission shall have the power to administer oaths.
>
> *If the charges against an accused person are established by the preponderance of evidence*, the Commission shall make a finding of guilty and order either removal, demotion, loss of seniority, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Commission which, in the opinion of the members thereof, the offense justifies. *If the charges against an accused person are not established by the preponderance of evidence*, the Commission shall make a finding of not guilty and shall order that the person be reinstated and be paid his compensation for the suspension period, if any, while awaiting the hearing. The sheriff shall take such action as may be ordered by the Commission." (Emphases added.) 55 ILCS 5/3—8014 (West 2008).

According to this statute, the Commission had the authority to either remove Tarr from office or, upon a finding of "not guilty," to reinstate her with back pay. Either way, the Commission's authority was contingent upon its finding supported by the preponderance of the evidence presented. This statute clearly contemplates that a hearing on the merits of the Sheriff's charges be conducted in accordance with due process. This statute does not grant the Commission the authority to reinstate Tarr for any reason other than a finding of "not guilty" based on the preponderance of the evidence.

In this case, the Commission dismissed the charges filed by the Sheriff against Tarr and reinstated her employment because, in the Commission's opinion, it was not adequately prepared in terms of having established procedures or precedent to decide disciplinary matters. It dismissed the charges without considering any evidence, argument, or discussion of the merits of the charges. Quite clearly, the Commission's decision was not based on a preponderance of the evidence, as no hearing on the charges occurred within the meaning of section 3—8014 of the Merit Law (55 ILCS 5/3—8014 (West 2008)). See *Riggins v. Board of Fire & Police Commissioners of the City of Peoria*, 107 Ill. App. 3d 126, 129, 437 N.E.2d 327, 328-29 (1982) (the board failed to conduct a "hearing on the charges" within the required 30 days when it conducted only a pretrial hearing within that time, without a discussion of the merits of the charges, the presentation of witnesses, or arguments of counsel). Therefore, we find the Commission exceeded its statutory authority by entering an order reinstating Tarr to her employment and dismissing the charges against her without considering, in any manner, the merits or substance of the charges.

We answer the first of the circuit court's certified questions in the affirmative. The Commission's July 14, 2009, order dismissing the charges against Tarr was void *ab initio*. We answer the second of the court's certified questions in the negative. The court did not err in remanding the matter to the Commission for an evidentiary hearing.

## III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's interlocutory order remanding the matter to the Commission for the purpose of conducting a *de novo* hearing on the merits of the charges filed by the Sheriff against Tarr.

Affirmed.

TURNER and KNECHT, JJ., concur.